```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
                     SOUTHERN DIVISION at LONDON
```

| | |
|---|---|
| MICHAEL INMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 08-16-JMH |
| ) | |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, COMMISSIONER ) | **MEMORANDUM OPINION AND ORDER** |
| OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

                    **   **   **   **   **

This matter is before the Court on cross motions for summary judgment [Record Nos. 18 and 19][1] on Plaintiff's appeal of the Commissioner's denial of his application for disability insurance benefits. The Court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion and grant the defendant's motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff previously applied for disability insurance benefits and Supplemental Security Income (SSI) in April 1998 (Tr. 32, 409). Plaintiff was denied initially and on reconsideration, and an administrative law judge ("ALJ") issued a decision on November 23,

---

[1] These are not traditional Rule 56 cross motions for summary judgment. Rather, they are procedural devices used by the Court to obtain the views of the parties regarding the sufficiency of the evidence contained in the administrative record developed before the Commissioner.

1999, denying Plaintiff's claim (Tr. 29, 409). Plaintiff did not appeal the ALJ's decision (Tr. 409). Plaintiff also filed applications for SSI in December 1999 and February 2000, but he did not appeal the initial denials of either application (Tr. 409).

Plaintiff filed his current application for SSI in March 2002 (Tr. 409). After being denied initially and on reconsideration, Plaintiff requested a hearing, which was held on October 8, 2003 (Tr. 49, 55, 59, 223). On November 25, 2003, an ALJ issued a decision denying Plaintiff's claim (Tr. 8). The Appeals Council denied Plaintiff's request for review, and Plaintiff filed an action in the United States District Court for the Eastern District of Kentucky (Tr. 4, 7, 409). On December 30, 2004, United States District Judge G. Wix Unthank remanded Plaintiff's claim for further administrative proceedings (Tr. 267-77). The Appeals Council vacated the ALJ's decision and remanded Plaintiff's claim to an ALJ (Tr. 278-79).

After a hearing on January 31, 2006, an ALJ issued a decision denying Plaintiff's claim on February 21, 2006 (Tr. 243, 380). Plaintiff then filed another action in the United States District Court for the Eastern District of Kentucky (Tr. 238, 435-38).  On October 27, 2006, the Commissioner filed a motion to remand under sentence four of 42 U.S.C. § 405(g), which Judge Unthank granted (Tr. 429, 431, 440-42). The Appeals Council vacated the ALJ's

decision and remanded Plaintiff's claim to an ALJ (Tr. 429-33). After a hearing on June 1, 2007, an ALJ issued a partially favorable decision finding Plaintiff disabled from March 14, 2002, through April 3, 2007, but not disabled thereafter (Tr. 405, 532). In the Decision dated October 18, 2007, the ALJ found that as of April 4, 2007, Plaintiff

> has had the residual functional capacity to perform a range of medium exertion [work] that involves no more than simple instructions in an object-focused environment that involves no production rate or quote work, and no more than occasional changes in the work setting. The claimant has moderate limitations in the following areas: ability to deal with detailed instructions; maintain attention and concentration; deal appropriately with supervisors, co-workers and the public. He cannot perform work where reading is an essential element.

(Tr. 416). Plaintiff then filed the current action in this Court. Plaintiff has exhausted his administrative remedies, and this case is ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## II. OVERVIEW OF THE ALJ HEARING

In determining whether a claimant is disabled, the ALJ conducts a five-step analysis:

> 1.) Is the individual engaging in substantial gainful activity? If the individual is engaging in substantial gainful activity, the individual is not disabled, regardless of the claimant's medical condition.
>
> 2.) Does the individual have a severe impairment? If not, the individual is not disabled. If so, proceed to step 3.

3

>   3.) Does the individual's impairment(s) meet or equal the severity of an impairment listed in appendix 1, subpart P of part 404 of the Social Security Regulations?  If so, the individual is disabled.  If not, proceed to step 4.
>
>   4.) Does the individual's impairment(s) prevent him or her from doing his or her past relevant work, considering his or her residual functioning capacity?  If not, the individual is not disabled.  If so, proceed to step 5.
>
>   5.) Does the individual's impairment(s) prevent him or her from performing other work that exists in the national economy, considering his or her residual functioning capacity together with the "vocational factors" of age, education, and work experience?  If so, the individual is disabled.  If not, the individual is not disabled.

*Heston v. Comm'r of Social Security,* 245 F.3d 528, 530 (6th Cir. 2001).  "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled.  If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Preslar v. Sec'y of Health and Human Servs.,* 14 F.3d 1107, 1110 (6th Cir 1994).

### III. STANDARD OF REVIEW

In reviewing the ALJ's decision to deny disability benefits, the Court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by

substantial evidence, *see* 42 U.S.C. § 405(g), *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001), and whether the ALJ employed the proper legal standards in reaching his conclusion. *Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286.

## IV. DISCUSSION

### A. Literacy

As his first assignment of error, Plaintiff contends that the ALJ disregarded Plaintiff's illiteracy and incorrectly found that he has a limited education. Psychological testing performed by psychologist Dr. Kenneth Starkey indicated that Plaintiff has a full scale IQ of 70 and has significant deficits for reading and spelling. (Tr. 292). The report of psychologist Blaine Pinaire indicates that Plaintiff's ability to read and spell is at a 2nd grade level. (Tr. 135). Plaintiff points to the reports of psychologists Starkey and Pinaire as evidence that his education is more than limited, and that he is in fact illiterate.

There was substantial evidence to support the ALJ's decision that Plaintiff is not illiterate. Illiteracy "means the inability to read or write. We consider someone illiterate if the person

cannot read or write a simple message such as instructions or inventory lists even though the person can sign his or her name. Generally, an illiterate person has had little or no formal schooling." 20 C.F.R. § 416.964(b)(1).  Although Plaintiff did poorly in school and obtained low scores on achievement testing, his grades and the scores do not establish that he was illiterate (Tr. 109-13, 135, 292).  No examiner concluded Plaintiff was illiterate.  Plaintiff reported he completed the ninth grade and indicated he could write more than his name in English (Tr. 70, 77, 227, 289, 383, 455, 538).  He claimed he could not read, but he admitted he could read a grocery list and that he took a written test to obtain his driver's license (Tr. 231, 390, 538-39).

The hypothetical the ALJ posed to the vocational expert ("VE") asked the VE to assume a claimant with a marginal[2] education and an inability to perform any job in which reading was an essential job element.  (Tr. 558).  The VE responded that such a person could perform only unskilled jobs (Tr. 559).  When asked by Plaintiff's attorney if low IQ scores and an ability to read and spell at only the second grade level would affect her testimony, the VE responded that it would not, because she had only identified simple, unskilled jobs. (Tr. 562-63).  Substantial evidence supports the

---

[2] "Marginal education means ability in reasoning, arithmetic, and language skills which are needed to do simple, unskilled types of jobs," 20 C.F.R. § 416.964(b)(2) and generally includes those who had formal schooling at a 6th grade level or less.  *Id.*

ALJ's conclusion that, despite Plaintiff's low achievement scores and reading ability, he has the ability to perform unskilled jobs.

**B. Report of Psychologist Reba Moore**

Plaintiff argues that the ALJ erred in concluding that the report of psychologist Reba Moore supports the finding that Plaintiff's ability to deal with stress had improved. Both Ms. Moore and Dr. Starkey indicated that Plaintiff has a "fair" ability to deal with stress, and both assigned a global assessment of functioning score of 58, indicating that Plaintiff has only moderate difficulty in social, occupational, and/or school functioning. (Tr. 458, 492). Plaintiff correctly notes that the definition of "fair" as used in the form completed by Ms. Moore is more limited than the commonly accepted definition of fair, in that "fair," as defined on Ms. Moore's form, indicates an ability to function that is severely limited, but is not precluded. (Tr. 493). To the extent that by checking "fair," Ms. Moore intended to suggest that Plaintiff has a severely limited ability to deal with work stresses, her opinion is internally inconsistent with a GAF of 58, which she assigned to Plaintiff, and is also inconsistent with the record as a whole.

**C. Exertional Level**

Plaintiff also complains that it is unclear if the ALJ found Plaintiff's exertional level to be medium or sedentary. Plaintiff

7

has correctly identified an inconsistency in the decision, however, it is not one that requires reversal or remand. While near the end of the decision the ALJ refers to the claimant's ability to perform sedentary work (Tr. 419), the ALJ clearly finds that "beginning on April 4, 2007, the claimant has had the residual functional capacity to perform a range of medium exertion" work. (Tr. 416). The medical evidence discussed by the ALJ also indicates Plaintiff has the exertional capacity to perform medium work. (Tr. 414-15). Furthermore, when posing hypothetical questions to the VE, the ALJ asked the VE to assume a claimant who could perform medium work. (Tr. 558). Because the ALJ's reference to sedentary work is merely a harmless, typographical error, the Court declines to remand this matter. *See N.L.R.B. v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n.6 (1969) (when "remand would be an idle and useless formality," courts are not required to "convert judicial review of agency action into a ping-pong game.")

## V. CONCLUSION

Accordingly, and for the foregoing reasons,

**IT IS ORDERED:**

(1) That the defendant's motion for summary judgment [Record No. 19] be, and the same hereby is, **GRANTED;** and

(2) That the plaintiff's motion for summary judgment [Record No. 18] be, and the same hereby is, **DENIED.**

This the 15th day of June, 2009.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge